1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DE'ANTE WHITAKER,                       No.  2:25-cv-0747 TLN CSK P

12                  Petitioner,

13          v.                               ORDER AND FINDINGS AND
                                             RECOMMENDATIONS
14   HORN,

15                  Respondent.

16

17   **I.  INTRODUCTION**

18          Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas

19   corpus pursuant to 28 U.S.C. § 2254.  Pending before the Court is respondent's motion to

20   dismiss, filed May 29, 2025, on the grounds that the petition is mixed, i.e., the petition contains

21   exhausted and unexhausted claims.  (ECF No. 13.)  Petitioner did not file a response to the

22   motion to dismiss.

23          For the following reasons, this Court finds that the petition is a mixed petition.  Petitioner

24   is granted thirty days from the date of this order to file a motion to stay this action while he

25   exhausts his unexhausted claims.  If petitioner does not file a motion to stay within that time, this

26   Court will recommend that respondent's motion to dismiss be granted.  In addition, for the

27   following reasons, this Court recommends dismissal of petitioner's claim alleging violation of

28   California's Racial Justice Act ("CRJA") for failing to state a cognizable claim.

1

1    **II.  LEGAL STANDARDS RE: EXHAUSTION AND STAY AND ABEYANCE**

2          Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before

3    claims can be granted by the federal court in a habeas corpus case.  See Rose v. Lundy, 455 U.S.

4    509, 515-16 (1982).  The exhaustion doctrine is based on a policy of federal and state comity,

5    designed to give state courts the initial opportunity to correct alleged constitutional deprivations.

6    See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

7          Regardless of whether the claim was raised on direct appeal or in a post-conviction

8    proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's

9    highest court.  See Castille v. Peoples, 489 U.S. 346, 351 (1989).  A claim has been fairly

10   presented if the petition has described both the operative facts and the federal legal theory on

11   which the claim is based.  See Duncan v. Henry, 513 U.S. 364, 365-66 (1995).  Although the

12   exhaustion doctrine requires only the presentation of each federal claim to the highest state court,

13   the claims must be presented in a posture that is acceptable under state procedural rules.  See

14   Sweet v. Cupp, 640 F.2d 233, 237 (9th Cir. 1981).  Thus, an appeal or petition for post-conviction

15   relief that is denied by the state courts on procedural grounds, where other state remedies are still

16   available, does not exhaust the petitioner's state remedies.  See Pitchess v. Davis, 421 U.S. 482,

17   488 (1979); Sweet, 640 F.2d at 237-38.

18         When a habeas petition presents both exhausted and unexhausted claims, the petition is

19   considered "mixed."  See Dixon v. Baker, 847 F.3d 714, 718 (9th Cir. 2017).  Generally, "a

20   district court must dismiss habeas petitions containing both unexhausted and exhausted claims."

21   Rose, 455 U.S. at 522.  However, a petitioner may avoid dismissal through seeking a stay and

22   abeyance of his petition.  See Butler v. Long, 752 F.3d 1177, 1180 (9th Cir. 2014).  The purpose

23   of a stay and abeyance is to give a petitioner the opportunity to exhaust his claims in state court

24   before presenting them in federal court.  See Dixon, 847 F.3d at 718-20.  In this circuit, two

25   procedures for staying a petition may be available while a petitioner exhausts his claims in state

26   court.  See Rhines v. Weber, 544 U.S. 269 (2005); Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002),

27   overruled on other grounds by Robbins v. Carey, 481 F.3d. 1143 (9th Cir. 2007).

28         A Rhines stay may be employed as to both mixed petitions and petitions raising only

2

1   unexhausted claims.  See Mena v. Long, 813 F.3d 907, 908 (9th Cir. 2016).  A Rhines stay is

2   appropriate if (1) the petitioner has good cause for his failure to exhaust, (2) his unexhausted

3   claims are potentially meritorious, and (3) there is no indication that the petitioner engaged in

4   intentionally dilatory litigation tactics.  See Rhines, 544 U.S. at 277-78.

5         For a Kelly stay, "(1) a petitioner amends his petition to delete any unexhausted claims,

6   (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing

7   petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) the

8   petitioner later amends his petition and re-attaches the newly exhausted claims to the original

9   petition."  King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).  The Kelly procedure is a riskier

10  one for a habeas petitioner because it does not protect the unexhausted claims from becoming

11  barred by the statute of limitations during the stay.[1]  See King, 564 F.3d at 1140-41.

12  **III.  CLAIMS RAISED IN PETITION**

13        This action proceeds on the petition filed March 3, 2025.  (ECF No. 1.)  Petitioner

14  challenges his 2022 conviction from the Sacramento County Superior Court for first degree

15  murder and use of a deadly weapon.  (Id. at 1.)  Petitioner is serving a sentence of 26 years to life.

16  (Id.)  The petition raises four claims: (1) prosecutorial misconduct; (2) trial court error;

17  (3) violation of the CRJA; and (4) ineffective assistance of counsel.  (Id. at 4-5.)  Petitioner's

18  claims are difficult to understand.  This Court below discusses the apparent grounds of

19  petitioner's claims alleging prosecutorial misconduct, trial court error and ineffective assistance

20  of counsel.

21        Petitioner appears to raise the following claims of prosecutorial misconduct: (1) the

22  prosecutor wrongly excluded testimony from witnesses who would have testified regarding the

23  victim's past use of racial epithets (id. at 7-8); (2) the prosecutor wrongly discredited the

24  testimony of petitioner's son by insinuating that petitioner's son was not being truthful (id.);

25  _____

[1] The habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas
26  corpus petitions in federal court.  In most cases, the one year period will start to run on the date
on which the state court judgment became final by the conclusion of direct review or the
27  expiration of time for seeking direct review, although the statute of limitations is tolled while a
properly filed application for state post-conviction or other collateral review is pending.
28  28 U.S.C. § 2244(d).

3

1   (3) the prosecutor demonstrated racial bias toward African Americans (id. at 8-10); and (4) during

2   closing argument, the prosecutor misstated the law regarding voluntary manslaughter (id. at 11).

3         Petitioner appears to raise the following claims of trial court error: (1) the trial court

4   prevented petitioner from questioning witnesses regarding whether they heard the victim state

5   racial epithets in the past (id. at 15-16; 24); (2) the trial court prevented petitioner from asserting

6   his defense that the prosecutor coerced witnesses into testifying against petitioner (id. at 15-16);

7   (3) the trial court improperly instructed the jury; (id. at 17-18, 21-22); and (4) the trial court failed

8   to correct the inappropriate charge of first degree murder (id. at 18-20.).

9         Petitioner appears to raise the following claims of ineffective assistance of counsel:

10  (1) trial counsel failed to object to the prosecutor's misstatement of the law regarding voluntary

11  manslaughter (id. at 31); (2) trial counsel failed to object to faulty jury instructions (id.); (3) trial

12  counsel failed to "introduce evidence that in part led to the victim's act of provocation being a

13  sledgehammer" (id.); and (4) trial counsel failed to investigate the victim's prior use of racial

14  epithets (id.).

15  **IV.  DISCUSSION RE: MOTION TO DISMISS**

16      **A.  Background**

17        Following petitioner's conviction, the California Court of Appeal affirmed the judgment.

18  (See ECF No. 12-2 (lodged document no. 2).)  On January 16, 2024, petitioner filed a petition for

19  review in the California Supreme Court.  (See ECF No. 12-3 (lodged document no. 3).)  On

20  February 21, 2024, the California Supreme Court denied the petition for review without comment

21  or citation.  (See ECF No. 12-4 (lodged document no. 4).)  In the motion to dismiss, respondent

22  states that petitioner did not file any state post-conviction collateral challenges related to his

23  conviction.

24        In his appeal filed in the California Court of Appeal, petitioner raised the following

25  claims: (1) the trial court erred by excluding evidence of the victim's prior use of a racial epithet;

26  (2) the prosecutor committed misconduct during closing argument when they misstated the law

27  regarding the standard for voluntary manslaughter; (3) trial counsel was ineffective for failing to

28  object to the prosecutor's misstatement of the law regarding voluntary manslaughter during

4

1    closing argument; (4) the trial court erred in denying petitioner's motion for a new trial; and

2    (5) cumulative error.  (ECF No. 12-2 (lodged document no. 2).)

3        In the petition for review filed in the California Supreme Court, petitioner raised the

4    following claims: (1) the California Supreme Court should transfer the matter to the California

5    Court of Appeal in light of the recently enacted CRJA, Cal. Penal Code § 745; (2) the trial court

6    erred by excluding evidence of the victim's prior use of a racial epithet; (3) trial counsel was

7    ineffective for failing to object to the prosecutor's misstatement of the law regarding voluntary

8    manslaughter during closing argument; and (4) the trial court erred in denying petitioner's motion

9    for a new trial.  (ECF No. 12-3 (lodged document 3).)

10        **B. Analysis**

11            1. Claim Alleging Violation of CRJA

12        Respondent argues that petitioner did not exhaust his claim based on violation of the

13    CRJA because he presented this claim for the first and only time to the California Supreme Court.

14    (ECF No. 13 at 3.)

15        Respondent is correct that the California Supreme Court will ordinarily not consider on

16    direct review claims that were not timely presented to the California Court of Appeal.  See

17    California Rules of Court, Rule 8.500(c)(1).  Thus, claims raised for the first time in a petition for

18    review were not fairly presented to the California Supreme Court for purpose of exhaustion.  See

19    Castille, 489 U.S. at 351; Casey v. Moore, 386 F.3d 896, 918 (9th Cir. 2004) ("Because we

20    conclude that Casey raised his federal constitutional claims for the first and only time to the

21    state's highest court on discretionary review, he did not fairly present them.").

22        However, as noted by petitioner's appellate counsel in the petition for review, the CRJA

23    was amended on January 1, 2024 to allow a defendant to raise a CRJA claim on direct appeal

24    from the conviction or sentence if the violation was based on the trial record.  See Cal. Penal

25    Code § 745(b).  (ECF No. 12-3 at 15-17 (lodged document no. 3).)  The California Court of

26    Appeal affirmed petitioner's conviction on December 6, 2023.  (ECF No. 12-2 (lodged document

27    no. 2.)  Therefore, petitioner could not have raised his CRJA claim in the direct appeal filed in the

28    California Court of Appeal because the law allowing him to raise this claim on appeal was not in

5

1    effect when petitioner filed his appeal.  In his petition for review, petitioner asked the California

2    Supreme Court to transfer the matter back to the California Court of Appeal so that the California

3    Court of Appeal could consider petitioner's claim pursuant to the CRJA.  (ECF No. 12-3 at 15-17

4    (lodged document no. 3).)

5         Whether petitioner exhausted his CRJA claim is unclear.  However, for the following

6    reasons, this Court recommends that petitioner's CRJA claim be dismissed for failing to state a

7    cognizable claim.  See Rule 4 of Federal Rules Governing Section 2254 Cases (if it plainly

8    appears from the petition that the petitioner is not entitled to relief, the judge must dismiss the

9    petition).  Federal habeas corpus relief is available only when a petitioner has been convicted or

10   sentenced in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C.

11   § 2254(a).  It is well-established that alleged state law errors are not cognizable on federal habeas

12   review.  See Estelle v. McGuire, 502 U.S. 62, 67 (1991); Lewis v. Jeffers, 497 U.S. 764, 780

13   (1990).  Thus, multiple federal district courts in California have held that CRJA claims are not

14   cognizable on federal habeas review.  See Allen v. Guzman, 2025 WL 1122360, at *4 (C.D. Cal.

15   Mar. 12, 2025), findings and recommendations adopted, 2025 WL 1268362 (C.D. Cal. Apr. 30,

16   2025) (state court rejection of CJRA claim not cognizable on federal habeas review); Stephens v.

17   Matterson, 2024 WL 5301779, at *3 (C.D. Cal. Aug. 22, 2024), findings and recommendations

18   adopted, 2025 WL 50265 (C.D. Cal. Jan. 7, 2025) ("To the extent Petitioner intends to seek relief

19   directly under the CRJA instead of attacking his post-conviction counsel's performance,

20   Petitioner still cannot state a cognizable habeas claim."); Muniz v. Phillips, 2024 WL 1343127, at

21   *3 (C.D. Cal. Mar. 28, 2024) ("Claims brought under the CJRA are ... not cognizable under

22   federal habeas review."); Brooks v. McDowell, 2024 WL 536352, at *3 (N.D. Cal. Feb. 9, 2024)

23   ("Claim No. 5 is DISMISSED with prejudice because it only states a claim of state law error—

24   violation of the California Racial Justice Act."); Rose v. Warden, 2023 WL 9601243, at *9 (C.D.

25   Cal. Dec. 26, 2023), findings and recommendations adopted, 2024 WL 520010 (C.D. Cal. Feb. 5,

26   2024) ("To the extent Petitioner bases his sentencing claim on state court's rejection of his CRJA

27   claim, he fails to present a cognizable federal claim."); Montgomery v. Matteson, 2022 WL

28   16556042, at *8 (C.D. Cal. Sept. 14, 2022), findings and recommendations adopted, 2022 WL

1    16556011 (C.D Cal. Oct. 31, 2022) ("[The CRJA claim] involves an alleged application of state

2    law. As such, it fails to present a cognizable federal claim."). Accordingly, petitioner's claim

3    seeking relief under the CRJA should be dismissed because it is based on state law only, which is

4    not cognizable in federal habeas.

5                          2.  Claims Alleging Trial Court Error

6          As observed by respondent in the motion to dismiss, in the petition for review petitioner

7    raised only one of the claims of trial court error raised in the instant petition: the trial court erred

8    by excluding evidence of the victim's prior use of a racial epithet. Therefore, this is the only trial

9    court error claim exhausted by petitioner. The other claims of trial court error are not exhausted,

10   i.e., the claims alleging that the trial court prevented petitioner from asserting his defense that the

11   prosecutor coerced witnesses into testifying against petitioner, improperly instructed the jury and

12   failed to correct the inappropriate charge of first degree murder.

13                          3.  Ineffective Assistance of Counsel

14         As observed by respondent in the motion to dismiss, in the petition for review petitioner

15   raised only one of the ineffective assistance of counsel claims raised in the instant petition: trial

16   counsel was ineffective for failing to object to the prosecutor's alleged misstatement of the law

17   regarding voluntary manslaughter. Therefore, this is the only ineffective assistance of counsel

18   claim exhausted by petitioner. The other claims of ineffective assistance of counsel are not

19   exhausted, i.e., the claims alleging trial counsel was ineffective for failing to object to faulty jury

20   instructions, failing to introduce evidence and failing to investigate the victim's prior use of racial

21   epithets.

22                          4.  Claims Alleging Prosecutorial Misconduct

23         As observed by respondent in the motion to dismiss, in the petition for review petitioner

24   did not raise any prosecutorial misconduct claims. Therefore, none of petitioner's prosecutorial

25   misconduct claims are exhausted. This Court observes that in the petition for review, petitioner

26   argued that the prosecutor's misstatement regarding the legal standard for voluntary manslaughter

27   violated due process. (ECF No. 12-3 at 29-33 (lodged document 3).) However, this argument

28   was made within petitioner's discussion of his claim alleging that trial counsel was ineffective for

7

1   failing to object to the prosecutor's alleged misstatement of the law regarding voluntary

2   manslaughter.  In the petition for review, petitioner argued that the prosecutor's alleged

3   misstatement of the law met the prejudice prong of the ineffective assistance of counsel standard.

4   See Strickland v. Washington, 466 U.S. 668, 688, 694 (1984) (to demonstrate ineffective

5   assistance of counsel under the Sixth Amendment, petitioner must show (1) counsel's

6   representation falls below an objective standard of reasonableness; and (2) petitioner is prejudiced

7   by an unreasonable performance).  In the petition for review, petitioner did not raise a

8   prosecutorial misconduct claim regarding the prosecutor's alleged misstatement of the law

9   regarding voluntary manslaughter.

10          5.  Conclusion

11          For the reasons discussed above, petitioner's claim alleging violation of the CRJA should

12  be dismissed because it fails to raise a cognizable claim.  Regarding petitioner's remaining

13  claims, petitioner exhausted only two claims: (1) the trial court erred by excluding evidence of the

14  victim's prior use of a racial epithet; and (2) trial counsel was ineffective for failing to object to

15  the prosecutor's alleged misstatement of the law regarding voluntary manslaughter.  Petitioner is

16  granted thirty days from the date of this order to file a motion to stay this action pursuant to

17  Rhines or Kelly while he exhausts his remaining claims.  If petitioner does not file a motion to

18  stay within that time, this Court will recommend that respondent's motion to dismiss this action

19  as a mixed petition be granted.

20  **V.  CONCLUSION**

21          Accordingly, IT IS HEREBY ORDERED that petitioner is granted thirty days from the

22  date of this order to file a motion to stay this action pursuant to Rhines or Kelly; if petitioner does

23  not file a motion to stay within that time, this Court will recommend that respondent's motion to

24  dismiss be granted; and

25          IT IS HEREBY RECOMMENDED that petitioner's claim alleging violation of the CRJA

26  be dismissed for failing to state a cognizable claim.

27          These findings and recommendations are submitted to the United States District Judge

28  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

8

1  after being served with these findings and recommendations, any party may file written

2  objections with the court and serve a copy on all parties.  Such a document should be captioned

3  "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner

4  may address whether a certificate of appealability should issue in the event he files an appeal of

5  the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district

6  court must issue or deny a certificate of appealability when it enters a final order adverse to the

7  applicant).  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant

8  has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).

9  Any response to the objections shall be served and filed within fourteen days after service of the

10  objections.  The parties are advised that failure to file objections within the specified time may

11  waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

12  1991).

13  Dated:  07/01/25

14  _____
   CHI SOO KIM
15  UNITED STATES MAGISTRATE JUDGE

16

17
   Whit747.157/2
18

19

20

21

22

23

24

25

26

27

28