1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                     FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    DE'ANTE WHITAKER,                        No.  2:25-cv-0747 TLN CSK P

11                    Petitioner,

12         v.                                  ORDER AND FINDINGS &
                                               RECOMMENDATIONS
13    HORN,

14                    Respondent.

15

16    **I.  INTRODUCTION**

17          Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas

18    corpus pursuant to 28 U.S.C. § 2254.  Pending before this Court is respondent's motion to

19    dismiss, petitioner's motion to stay this action pursuant to Rhines v. Weber, 544 U.S. 269 (2005)

20    and petitioner's motion for a thirty day extension of time to make copies.  (ECF Nos. 13, 17, 18.)

21    For the following reasons, petitioner's motion for extension of time is denied as unnecessary.  For

22    the following reasons, this Court recommends that petitioner's motion to stay be denied,

23    respondent's motion to dismiss be granted and petitioner be granted leave to file an amended

24    petition raising only his exhausted claims.

25    **II.  LEGAL STANDARD RE: EXHAUSTION AND STAY AND ABEYANCE**

26          Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before

27    claims can be granted by the federal court in a habeas corpus case.  See Rose v. Lundy, 455 U.S.

28    509, 515-16 (1982).  The exhaustion doctrine is based on a policy of federal and state comity,

                                               1

1    designed to give state courts the initial opportunity to correct alleged constitutional deprivations.

2    See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

3         Regardless of whether the claim was raised on direct appeal or in a post-conviction

4    proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's

5    highest court.  See Castille v. Peoples, 489 U.S. 346, 351 (1989).  A claim has been fairly

6    presented if the petition has described both the operative facts and the federal legal theory on

7    which the claim is based.  See Duncan v. Henry, 513 U.S. 364, 365-66 (1995).  Although the

8    exhaustion doctrine requires only the presentation of each federal claim to the highest state court,

9    the claims must be presented in a posture that is acceptable under state procedural rules.  See

10   Sweet v. Cupp, 640 F.2d 233, 237 (9th Cir. 1981).  Thus, an appeal or petition for post-conviction

11   relief that is denied by the state courts on procedural grounds, where other state remedies are still

12   available, does not exhaust the petitioner's state remedies.  See Pitchess v. Davis, 421 U.S. 482,

13   488 (1979); Sweet, 640 F.2d at 237-38.

14        When a habeas petition presents both exhausted and unexhausted claims, the petition is

15   considered "mixed."  See Dixon v. Baker, 847 F.3d 714, 718 (9th Cir. 2017).  Generally, "a

16   district court must dismiss habeas petitions containing both unexhausted and exhausted claims."

17   Rose, 455 U.S. at 522.  However, a petitioner may avoid dismissal through seeking a stay and

18   abeyance of his petition.  See Butler v. Long, 752 F.3d 1177, 1180 (9th Cir. 2014).  The purpose

19   of a stay and abeyance is to give a petitioner the opportunity to exhaust his claims in state court

20   before presenting them in federal court.  See Dixon, 847 F.3d at 718-20.  In this circuit, two

21   procedures for staying a petition may be available while a petitioner exhausts his claims in state

22   court.  See Rhines, 544 U.S. 269; Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002), overruled on

23   other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007).

24        A Rhines stay may be employed as to both mixed petitions and petitions raising only

25   unexhausted claims.  See Mena v. Long, 813 F.3d 907, 908 (9th Cir. 2016).  A Rhines stay is

26   appropriate if (1) the petitioner has good cause for his failure to exhaust, (2) his unexhausted

27   claims are potentially meritorious, and (3) there is no indication that the petitioner engaged in

28   intentionally dilatory litigation tactics.  See Rhines, 544 U.S. at 278.

2

**III.  BACKGROUND**

On May 29, 2025, respondent filed the pending motion to dismiss arguing that petitioner's petition should be dismissed as a mixed petition because it contained exhausted and unexhausted claims.  (ECF No. 13.)  On July 1, 2025, this Court issued an order and findings and recommendations addressing the motion to dismiss.  (ECF No. 14.)  This Court found that the petition raised exhausted and unexhausted claims.  (Id.)  Petitioner was granted thirty days to file a stay pursuant to Rhines or Kelly.  (Id.)  In the July 1, 2025 order, this Court set forth the legal standards for stays pursuant to Rhines and Kelly.  (Id.)  This Court also recommended that petitioner's claim pursuant to the California Racial Justice Act ("CRJA") be dismissed for failing to state a cognizable claim.  (Id.)  These findings and recommendations recommending dismissal of petitioner's claim pursuant to the CRJA are pending before the district court.  On August 14, 2025, petitioner filed a motion to stay pursuant to Rhines.  (ECF No. 17.)  On September 2, 2025, respondent filed an opposition.  (ECF No. 19.)  For clarity, this Court below restates the previous findings regarding the exhaustion of the claims raised in the petition.

**A.  Claims Raised in Petition**

This action proceeds on the petition filed March 3, 2025.  (ECF No. 1.)  Petitioner challenges his 2022 conviction from the Sacramento County Superior Court for first degree murder and use of a deadly weapon.  (Id. at 1.)  Petitioner is serving a sentence of 26 years to life. (Id.)  The petition raises four claims: (1) prosecutorial misconduct; (2) trial court error; (3) violation of the CRJA; and (4) ineffective assistance of counsel.  (Id. at 4-5.)  Petitioner's claims are difficult to understand.  This Court below discusses the apparent grounds of petitioner's claims alleging prosecutorial misconduct, trial court error and ineffective assistance of counsel.

Petitioner appears to raise the following claims of prosecutorial misconduct: (1) the prosecutor wrongly excluded testimony from witnesses who would have testified regarding the victim's past use of racial epithets (id. at 7-8); (2) the prosecutor wrongly discredited the testimony of petitioner's son by insinuating that petitioner's son was not being truthful (id.); (3) the prosecutor demonstrated racial bias toward African Americans (id. at 8-10); and (4) during

1  closing argument, the prosecutor misstated the law regarding voluntary manslaughter (id. at 11).

2  Petitioner appears to raise the following claims of trial court error: (1) the trial court

3  prevented petitioner from questioning witnesses regarding whether they heard the victim state

4  racial epithets in the past (id. at 15-16; 24); (2) the trial court prevented petitioner from asserting

5  his defense that the prosecutor coerced witnesses into testifying against petitioner (id. at 15-16);

6  (3) the trial court improperly instructed the jury (id. at 17-18, 21-22); and (4) the trial court failed

7  to correct the inappropriate charge of first degree murder (id. at 18-20.).

8  Petitioner appears to raise the following claims of ineffective assistance of counsel:

9  (1) trial counsel failed to object to the prosecutor's misstatement of the law regarding voluntary

10  manslaughter (id. at 31); (2) trial counsel failed to object to faulty jury instructions (id.); (3) trial

11  counsel failed to "introduce evidence that in part led to the victim's act of provocation being a

12  sledgehammer" (id.); and (4) trial counsel failed to investigate the victim's prior use of racial

13  epithets (id.).

14  **B.  Petitioner's State Appeal**

15  Following petitioner's conviction, the California Court of Appeal affirmed the judgment.

16  (See ECF No. 12-2 (lodged document no. 2).)  On January 16, 2024, petitioner filed a petition for

17  review in the California Supreme Court.  (See ECF No. 12-3 (lodged document no. 3).)  On

18  February 21, 2024, the California Supreme Court denied the petition for review without comment

19  or citation.  (See ECF No. 12-4 (lodged document no. 4).)  In the motion to dismiss, respondent

20  states that petitioner did not file any state post-conviction collateral challenges related to his

21  conviction.

22  In his appeal filed in the California Court of Appeal, petitioner raised the following

23  claims: (1) the trial court erred by excluding evidence of the victim's prior use of a racial epithet;

24  (2) the prosecutor committed misconduct during closing argument when they misstated the law

25  regarding the standard for voluntary manslaughter; (3) trial counsel was ineffective for failing to

26  object to the prosecutor's misstatement of the law regarding voluntary manslaughter during

27  closing argument; (4) the trial court erred in denying petitioner's motion for a new trial; and

28  (5) cumulative error.  (ECF No. 12-2 (lodged document no. 2).)

In the petition for review filed in the California Supreme Court, petitioner raised the following claims: (1) the California Supreme Court should transfer the matter to the California Court of Appeal in light of the recently enacted CRJA, Cal. Penal Code § 745; (2) the trial court erred by excluding evidence of the victim's prior use of a racial epithet; (3) trial counsel was ineffective for failing to object to the prosecutor's misstatement of the law regarding voluntary manslaughter during closing argument; and (4) the trial court erred in denying petitioner's motion for a new trial.  (ECF No. 12-3 (lodged document 3).)

### C. Discussion of Federal Claims re: Exhaustion

Because this Court recommended that petitioner's claim pursuant to the CRJA be dismissed as not cognizable, this Court need not address whether this claim is exhausted.

#### 1. Claims Alleging Trial Court Error

As observed by respondent in the motion to dismiss, in the petition for review petitioner raised only one of the claims of trial court error raised in the instant petition: the trial court erred by excluding evidence of the victim's prior use of a racial epithet.  Therefore, this is the only trial court error claim exhausted by petitioner.  The other claims of trial court error are not exhausted, i.e., the claims alleging that the trial court prevented petitioner from asserting his defense that the prosecutor coerced witnesses into testifying against petitioner, improperly instructed the jury and failed to correct the inappropriate charge of first degree murder.

#### 2. Ineffective Assistance of Counsel

As observed by respondent in the motion to dismiss, in the petition for review petitioner raised only one of the ineffective assistance of counsel claims raised in the instant petition: trial counsel was ineffective for failing to object to the prosecutor's alleged misstatement of the law regarding voluntary manslaughter.  Therefore, this is the only ineffective assistance of counsel claim exhausted by petitioner.  The other claims of ineffective assistance of counsel are not exhausted, i.e., the claims alleging trial counsel was ineffective for failing to object to faulty jury instructions, failing to introduce evidence and failing to investigate the victim's prior use of racial epithets.

///

1          3. Claims Alleging Prosecutorial Misconduct

2          As observed by respondent in the motion to dismiss, in the petition for review petitioner

3    did not raise any prosecutorial misconduct claims.  Therefore, none of petitioner's prosecutorial

4    misconduct claims are exhausted.  This Court observes that in the petition for review, petitioner

5    argued that the prosecutor's misstatement regarding the legal standard for voluntary manslaughter

6    violated due process.  (ECF No. 12-3 at 29-33 (lodged document 3).)  However, this argument

7    was made within petitioner's discussion of his claim alleging that trial counsel was ineffective for

8    failing to object to the prosecutor's alleged misstatement of the law regarding voluntary

9    manslaughter.  In the petition for review, petitioner argued that the prosecutor's alleged

10   misstatement of the law met the prejudice prong of the ineffective assistance of counsel standard.

11   See Strickland v. Washington, 466 U.S. 668, 688, 694 (1984) (to demonstrate ineffective

12   assistance of counsel under the Sixth Amendment, petitioner must show (1) counsel's

13   representation falls below an objective standard of reasonableness; and (2) petitioner is prejudiced

14   by an unreasonable performance).  In the petition for review, petitioner did not raise a

15   prosecutorial misconduct claim regarding the prosecutor's alleged misstatement of the law

16   regarding voluntary manslaughter.

17          4. Conclusion

18          For the reasons discussed above, only two of the cognizable claims raised in the petition

19   are exhausted: (1) the trial court erred by excluding evidence of the victim's prior use of a racial

20   epithet; and (2) trial counsel was ineffective for failing to object to the prosecutor's alleged

21   misstatement of the law regarding voluntary manslaughter.  Therefore, the instant petition is a

22   mixed petition.

23   **IV.  MOTION TO STAY**

24          In the motion to stay, petitioner devotes much of his argument to the merits of his claims.

25   (ECF No. 17 at 1-9.)  Petitioner claims that his unexhausted claims were not exhausted sooner

26   because his appellate counsel told petitioner that all state remedies "were done" and that "all that

27   was left to do was in federal court, which was untrue." (Id. at 9.)  Petitioner states that he has not

28   engaged in dilatory tactics. (Id.)

6

1    This Court first addresses whether petitioner meets the "good cause" requirement for a

2    Rhines stay.  The "good cause" requirement under Rhines does not require a showing of

3    "extraordinary circumstances." Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005).  Rather,

4    "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by

5    sufficient evidence, to justify that failure." Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014)

6    (citing Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005)).  As stated above, petitioner argues that

7    he failed to exhaust his unexhausted claims because his appellate counsel told petitioner that all

8    state remedies "were done" and all that was left to do was in federal court, which was not true.

9    Attached to the pending motion is a letter to petitioner from his appellate counsel dated March 4,

10   2024 which contradicts petitioner's claim regarding appellate counsel's representations.  In this

11   letter, appellate counsel advises petitioner that the California Supreme Court denied the petition

12   for review.  (ECF No. 17 at 11.)  The letter then states,

13
14
15
> This means our appeal is now at an end.  Please note I do not practice in federal court and I have not been appointed to represent you in any federal court proceedings.  Therefore, I cannot advise you on whether or any petitions in federal court are appropriate.  (28 U.S.C. § 2254.)

16
17
> However, if you choose to file a petition for writ of habeas corpus in federal court, please note you must do so within one year of the date the Petition for Review was denied.  (28 U.S.C. § 2244(d).)  The petition for review was denied on February 21, 2024.

18
19
20
> I will not be taking any further legal action on your behalf.  Although this is a disappointing outcome, I want to thank you for your cooperation during this process.  It has been a privilege to represent you.

21   (Id. at 11-12.)

22   In the March 4, 2024, letter, appellate counsel did not advise petitioner that all remedies

23   were done and that all that was left to do was file in federal court.  Appellate counsel advised

24   petitioner that petitioner's appeal was over and that appellate counsel could not advise petitioner

25   on whether a federal habeas corpus petition was appropriate.  Appellate counsel then advised

26   petitioner of the one year statute of limitations for filing a federal habeas corpus petition.

27   To the extent petitioner claims that he thought his unexhausted claims were raised in his

28   direct appeal, petitioner being "under the impression" that he exhausted his claims is not good

7

1 cause under <u>Rhines</u>.  See <u>Wooten v. Kirkland</u>, 540 F.3d 1019, 1024 (9th Cir. 2008) (petitioner's

2 "impression" that claim was included in an appellate brief is not good cause under <u>Rhines</u>).  To

3 the extent petitioner claims that he believed that he did not need to exhaust the claims not raised

4 in the state appeal, petitioner's ignorance of the law does not establish good cause under <u>Rhines</u>.

5 See <u>Blake</u>, 745 F.3d at 981 ("unspecific, unsupported excuses for failing to exhaust—such as

6 unjustified ignorance—[do] not satisfy the good cause requirement."); <u>Mitchell v. Hedgepeth</u>,

7 2015 WL 8567384, at *4 (C.D. Cal. Aug. 14, 2015), findings and recommendations adopted,

8 2015 WL 8664149 (C.D. Cal. Dec. 11, 2015) (ignorance of the law does not constitute good

9 cause) (collecting cases).

10         In the opposition, respondent argues that petitioner has not shown that he did not

11 intentionally engage in dilatory tactics.  (ECF No. 19 at 3.)  This Court need not determine

12 whether petitioner engaged in intentional dilatory tactics or whether his unexhausted claims are

13 potentially meritorious, because petitioner's failure to demonstrate good cause for his failure to

14 exhaust his unexhausted claims warrants denial of the motion to stay.  See <u>Rhines</u>, 544 U.S. at

15 277-78.[1]  This Court also recommends that respondent's motion to dismiss the petition as a mixed

16 petition be granted and that petitioner be granted thirty days from the district court's adoption of

17 these findings and recommendations to file an amended petition raising only his cognizable

18 exhausted claims: (1) the trial court erred by excluding evidence of the victim's prior use of a

19 racial epithet; and (2) trial counsel was ineffective for failing to object to the prosecutor's alleged

20 misstatement of the law regarding voluntary manslaughter.

21 **V.  MOTION FOR THIRTY DAY EXTENSION OF TIME**

22         Petitioner requests a thirty day extension of time to make two copies of the pending

23 _____

24 [11] As observed by respondent in the opposition, shortly after deciding <u>Rhines</u>, the Supreme Court suggested that a petitioner could file a "protective" petition in federal court and ask the federal court to stay the federal habeas proceedings until the state remedies are exhausted.  See <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 416 (2005).  The Supreme Court stated that a petitioner's reasonable confusion about whether a state filing would be timely would ordinarily constitute "good cause" for him to file in federal court.  <u>Id.</u>  However, <u>Pace</u> does not apply here because petitioner did not file any petition in state court.  The decision in <u>Pace</u> only contemplates the situation in which a petitioner is pursuing state postconviction relief and is unsure whether the state filing would be timely.  Here, petitioner was not pursuing any state post-conviction relief.

1  motion to stay.  (ECF No. 18.)  Petitioner states that he was unable to make copies of his motion

2  to stay because his prison was on lockdown.  (Id.)  Petitioner apparently required the copies of the

3  motion to stay in order to serve on respondent.  (Id.)  A notice of the filing of petitioner's motion

4  to stay was electronically served on respondent's counsel.  The filing of respondent's opposition

5  demonstrates that respondent reviewed petitioner's motion on the court docket.  Accordingly,

6  petitioner's motion for an extension of time to make copies is denied as unnecessary.

7          Accordingly, IT IS HEREBY ORDERED that petitioner's motion for an extension of time

8  (ECF No. 18) is denied as unnecessary; and

9          IT IS HEREBY RECOMMENDED that:

10          1.  Respondent's motion to dismiss the petition as a mixed petition (ECF No. 13) be

11  granted;

12          2.  Petitioner's motion to stay (ECF No. 17) be denied; and

13          3.  Petitioner be granted thirty days from the adoption of these findings and

14  recommendations to file an amended petition raising only his exhausted claims.

15          These findings and recommendations are submitted to the United States District Judge

16  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

17  after being served with these findings and recommendations, any party may file written

18  objections with the court and serve a copy on all parties.  Such a document should be captioned

19  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

20  objections shall be filed and served within fourteen days after service of the objections.  The

21  parties are advised that failure to file objections within the specified time may waive the right to

22  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23

24  Dated:  November 21, 2025

25  _____

26  CHI SOO KIM
    UNITED STATES MAGISTRATE JUDGE

27  Whit747.sta/2

28